# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | )  |                              |
|---|---|---|
| IN RE MAINE REVENUE SERVICES, et al. | ) ) ) ) ) | Docket no. 2:19-mc-00164-GZS |

## ORDER ON MOTION TO QUASH

Before the Court is the Motion to Quash Subpoena submitted by Maine Revenue Services and Judy Methot (together, "MRS") (ECF No. 1) and the Motion to Quash filed by Tyler Poland, Ty Properties, LLC, and TY Construction LLC (together, "Poland") (ECF No. 7). Following an expedited briefing schedule, the Court has received the Government's Response (ECF No. 6) and MRS' Reply (ECF No. 8). Having considered the arguments of the parties, the Court DENIES the Motions to Quash.

### I. DISCUSSION

Several defendants in <u>United States v. Daniels, et al.</u>, D. Me. Docket No. 2:18-cr-00063, have moved to dismiss and/or enjoin their prosecution, contending that such prosecution is unlawful under the Rohrabacher-Blumenauer Amendment because they acted in compliance with Maine's medical marijuana law. (<u>See</u> ECF Nos. 334, 404, 410 in Docket No. 2:18-cr-00063 (hereinafter, "Rohrabacher Motions").) A consolidated hearing on these Rohrabacher Motions is scheduled for October 3 & 4, 2019. In advance of the hearing, the Government issued a trial subpoena seeking sales tax information from MRS for several individuals, including the moving defendants. On September 23, 2019, MRS filed the pending Motion to Quash Subpoena, arguing that disclosure of the subpoenaed information would be "unreasonable and oppressive" given that it is privileged and confidential under Maine's Confidentiality of Tax Records statute. <u>See</u> 36

M.R.S.A. § 191.  After MRS filed its Motion to Quash, the Government agreed to narrow its subpoena to include the sales tax information only from Defendants Brian Bilodeau, Brian Bilodeau LLC, Tyler Poland, Ty Properties LLC, TY Construction LLC, and MR, LLC.  On October 2, 2019, Poland filed his separate Motion to Quash.[1]

Under First Circuit law, because the subpoenaed documents and testimony are made confidential by Maine statute, they are subject to a qualified privilege.  See In re Hampers, 651 F.2d 19, 23 (1st Cir. 1981).  That is, they are subject to disclosure based on the criteria in 26 U.S.C. § 6103(i)(1)(B)—(1) there "is reasonable cause to believe that a federal crime has been committed," (2) "the information sought will be probative of a matter at issue in the prosecution of that crime," and (3) "the same information or equally probative information cannot be obtained elsewhere through reasonable efforts."  Hampers, 651 F.2d at 23.

The parties agree that the first criterion is met.  They disagree, however, as to the second two.  Regarding whether the information sought by the subpoena is probative, Poland asserts that his tax information is not probative of his compliance with Maine's marijuana laws prior to February 27, 2018.  (See Poland Mot. (ECF No. 7), PageID #s 20-21.)  While Poland may ultimately prove that the tax information does not amount to evidence that he failed to comply with Maine's medical marijuana laws at the time, the Court concludes that the Government has made a rational showing that the tax return information may be relevant to the charged crime(s). See In re Application of U.S. Return Info., 204 F. Supp. 3d 933, 938 (E.D. Ky. 2016).

As to whether the same or equally probative information as that sought in the subpoena can be obtained elsewhere through reasonable efforts, the Court concludes that it cannot.  The

---

[1] Because the issues raised in Poland's Motion to Quash (ECF No. 7) are similar to the arguments raised in the initial Motion to Quash (ECF No. 1), the Court considers the Government's Response (ECF No. 4) as applicable to both Motions.

Government notes that it requested the desired sales tax information from each defendant on September 20, 2019, and none of the defendants responded to this request. (See Gov't Response (ECF No. 4), PageID # 14 & n.1.) The Government further contends that even if Defendants had furnished the requested information, authenticity and reliability issues would impact their probity. MRS responds that since the Government need only establish Defendants' noncompliance with Maine's medical marijuana law *in some way*, the records may ultimately be unnecessary to the Government's case if there is sufficient evidence of noncompliance elsewhere. However, based on the proffers and evidence received during the first day of the evidentiary hearing, the Court concludes that the Government should be allowed access to available evidence showing whether or not each defendant has paid applicable sales tax, as it is probative to the issues raised by the pending Rohrabacher Motions.

In short, the Court concludes that Hampers criteria are met.

## II. CONCLUSION

As a result, the Court DENIES both Motions to Quash (ECF Nos . 1 & 7) and ORDERS MRS to produce the subpoenaed tax records of the six individuals/entities sought by the Government.

The records produced in accordance with this Order shall be kept confidential and only filed under seal. Additionally, the Government shall treat the produced records as subject to the protections and restrictions contained in 26 U.S.C. § 6103 and 26 C.F.R. § 301.6103(i)-1.

SO ORDERED.

          /s/ George Z. Singal
          United States District Judge

Dated this 3rd day of October, 2019.